```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                   Case No. 18-00342-HWV
Wanda Paula Bechtel                                                      Chapter 13
       Debtor                        CERTIFICATE OF NOTICE
District/off: 0314-1            User: TWilson                Page 1 of 2                    Date Rcvd: Mar 13, 2018
                                Form ID: pdf002              Total Noticed: 35


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 15, 2018.
db             +Wanda Paula Bechtel,    151 Lumber Street,    Highspire, PA 17034-1320
5016655        +ARCADIA RECOVERY BUREAU,    PO BOX 6768,    WYOMISSING, PA 19610-0768
5016656        +CAPITAL TAX COLLECTION BUREAU,    506 S STATE ROAD,    MARYSVILLE, PA 17053-1001
5016657        +CB/LNBRYNT,   BK NOTICES,    PO BOX 182125,    COLUMBUS, OH 43218-2125
5016658        +CENLAR FSB,   PO BOX 77404,    EWING, NJ 08628-6404
5016660         COML ACCEPT,    2300 GETTYSBURG RD, STE 102,    CAMP HILL, PA 17011-7303
5016663         DIRECTV CUSTOMER SERVICE (p),    BANKRUPTCY CLAIMS,    PO BOX 6550,
                 GREENWOOD VILLAGE CO 80155-6550
5016664        +DRAYER PHYSICAL THERAPY,    2805 OLD POST RD,    SUITE 110,    HARRISBURG, PA 17110-3676
5016666        +GEICO INS,   ONE GEICO PLAZA,    BETHESDA, MD 20811-0002
5016669        +INTERNISTS OF CENTRAL PA,    HARRISVIEW PROFFESIONAL CT,    108 LOWTHER ST,
                 LEMOYNE, PA 17043-2045
5016671         KERRI BECHTEL-AVILA,    N 17TH STREET,    HARRISBURG, PA 17103
5016672        +KML LAW GROUP PC,    SUITE 5000 - BNY INDEPENDENCE CENTER,    701 MARKET STREET,
                 PHILADELPHIA, PA 19106-1538
5016675       ++NATIONWIDE INSURANCE,    SERVICE OF PROCESS TEAM,    THREE NATIONWIDE PLAZA,    MAIL CODE 3-11-310,
                 COLUMBUS OH 43215-2410
                (address filed with court: NATIONWIDE INSURANCE,    ONE NATIONWIDE PLAZA,    COLUMBUS, OH 43215)
5016676        +OIP,   3399 TRINDLE ROAD,    CAMP HILL, PA 17011-2286
5016678         PPL ELECTRIC UTILITIES,    ATTN: BANKRUPTCY DEPT,    827 HAUSMAN ROAD,    ALLENTOWN PA 18104-9392
5016679        +SCHEIN ERNST EYE ASSOCIATES PC,    10 CAPITAL DRIVE, STE 300,    HARRISBURG, PA 17110-9412
5016680         SKYVIEW STORAGE,    KRISTIN DRIVE,    DUNCANNON, PA 17020
5016681        +SUEZ WATER PENNSYLVANIA,    CUSTOMER SERVICE CENTER,    8189 ADAMS DRIVE,
                 HUMMELSTOWN, PA 17036-8625
5016682        +THE GENERAL INSURANCE CO,    HEADQUARTERS,    2636 ELM HILL PIKE, STE 510,
                 NASHVILLE, TN 37214-3169
5016683        +TREFZ & BOWSER FUNERAL HOME,    114 W MAIN STREET,    HUMMELSTOWN, PA 17036-1531
5016684        +UNEMP COMP OVERPAYMENT MATTERS,    DEPT OF L&I - OFFICE OF CHIEF COUNSEL,
                 651 BOAS STREET 10TH FLOOR,    HARRISBURG, PA 17121-0751
5016685        +UNEMPL COMP TAX MATTERS,    HARRISBURG CASES L&I OFF CHIEF COUNSEL,    651 BOAS STREET 10TH FLOOR,
                 HARRISBURG, PA 17121-0751
5016686        +YOUNGS MEDICAL EQUIPMENT,    6345 FLANK DRIVE, STE 1600,    HARRISBURG, PA 17112-2796

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5016654        +E-mail/Text: ally@ebn.phinsolutions.com Mar 13 2018 19:04:51      ALLY,    PO BOX 130424,
                 ROSEVILLE, MN 55113-0004
5025494         E-mail/Text: ally@ebn.phinsolutions.com Mar 13 2018 19:04:51      Ally Financial,
                 PO Box 130424,    Roseville MN 55113-0004
5016659        +E-mail/Text: dehartstaff@pamd13trustee.com Mar 13 2018 19:05:46      CHARLES J DEHART, III, ESQ.,
                 8125 ADAMS DRIVE STE A,    HUMMELSTOWN PA 17036-8625
5016661         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 13 2018 19:05:19      COMM OF PA DEPT OF REVENUE,
                 BUREAU OF COMPLIANCE,    PO BOX 280946,    HARRISBURG, PA 17128-0946
5016662        +E-mail/Text: bankruptcy_notifications@ccsusa.com Mar 13 2018 19:05:53      CREDIT COLL,
                 PO BOX 607,    NORWOOD, MA 02062-0607
5016665         E-mail/Text: aladd@franklinamerican.com Mar 13 2018 19:05:52
                 FRANKLIN AMERICAN MORTGAGE COMPANY,    501 CORPORATE CENTRE DRIVE,    FRANKLIN, TN 37067
5016667        +E-mail/Text: jmoreno@hillcrestdavidson.com Mar 13 2018 19:05:09      HILLCREST COL,
                 715 N GLENVILLE, STE 450,    RICHARDSON, TX 75081-2898
5016668         E-mail/Text: cio.bncmail@irs.gov Mar 13 2018 19:04:57      INTERNAL REVENUE SERVICE - CIO,
                 PO BOX 7346,    PHILADELPHIA, PA 19101-7346
5016673        +E-mail/Text: unger@members1st.org Mar 13 2018 19:05:52      MEMBERS 1ST FCU,    5000 LOUISE DR,
                 PO BOX 40,    MECHANICSBURG, PA 17055-0040
5016674        +E-mail/Text: bankruptcy@mymoni.com Mar 13 2018 19:04:52      MONITRONICS,    PO BOX 814530,
                 DALLAS, TX 75381-4530
5027923         E-mail/PDF: cbp@onemainfinancial.com Mar 13 2018 19:07:16      ONEMAIN,    PO BOX 3251,
                 EVANSVILLE, IN. 47731-3251
5016677         E-mail/PDF: cbp@onemainfinancial.com Mar 13 2018 19:07:15
                 ONEMAIN FINANCIAL ATTN: BK NOTICES,    PO BOX 3251,    EVANSVILLE, IN 47731-3251
                                                                                               TOTAL: 12

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +Ally Financial Inc.,   P.O. Box 130424,    Roseville, MN 55113-0004
5016670*        IRS CENTRALIZED INSOLVENCY ORGANIZATION,    PO BOX 7346,    PHILADELPHIA, PA 19101-7346
                                                                                               TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

Case 1:18-bk-00342-HWV    Doc 19    Filed 03/15/18    Entered 03/16/18 00:48:13    Desc
                        Imaged Certificate of Notice    Page 1 of 9

```
                ***** BYPASSED RECIPIENTS (continued) *****
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 15, 2018                                   Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 13, 2018 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              Dorothy L Mott    on behalf of Debtor 1 Wanda Paula Bechtel DorieMott@aol.com,
               KaraGendronECF@gmail.com;mottgendronlaw@gmail.com;bethsnyderecf@gmail.com
              James   Warmbrodt    on behalf of Creditor   Franklin American Mortgage Company unless in the state
               of RI, NH or NV, then use Federal Home Loan Mortgage Corporation bkgroup@kmllawgroup.com
              Regina   Cohen    on behalf of Creditor   Ally Financial Inc. rcohen@lavin-law.com,
               ksweeney@lavin-law.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                            TOTAL: 5
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>WANDA PAULA BECHTEL<br>Debtor | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CHAPTER 13<br><br>CASE NO. 1:18-bk-00342<br><br>☒ ORIGINAL PLAN<br><br>☐ AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.)<br><br>☐ 0 Number of Motions to Avoid Liens<br><br>☒ 1 Number of Motions to Value Collateral |

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ 1 Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☒ Not Included |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## 1. PLAN FUNDING AND LENGTH OF PLAN.

A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $25,800.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 02/2018 | 01/2023 | $430.00 x 60 months | $ | | $25,800.00 |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | | | Total Payments | $25,800.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: ☒ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

    ☐ Debtor is over median income. Debtor calculates that a minimum of $ must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is $25,963.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
☒ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

## 2. SECURED CLAIMS

A. **Pre-Confirmation Distributions**. *Check one*.

☒ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**. *Check one*.

☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| FRANKLIN AMERICAN MORTGAGE COMPANY | 151 Lumber St, Highspire, PA 17034 | 0301 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| FRANKLIN AMERICAN MORTGAGE COMPANY | 151 Lumber St, Highspire, PA 17034 | Per allowed proof of claim $ 4,200.00 estimated | | Per allowed proof of claim |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☒ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

E. **Secured claims for which a § 506 valuation is applicable**. *Check one*.

☐ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

☒ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or

validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| ALLY | 2011 Honda Accord SE 4d black (approx. 100000 mile | $6,968.00 | Lesser of 4.25% or contract rate | $7,434.00 | Plan -- Cram Down |

**F. Surrender of Collateral**. *Check one.*

☒ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**. *Check one.*

☒   None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

 **3. PRIORITY CLAIMS.**

   **A. Administrative Claims**

   1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. Attorney's fees. Complete only one of the following options:
      a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
       b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

     3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

☒   None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

   **B. Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below)**. *Check one of the following two lines.*

   ☐   None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.
   ☒   Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **IRS CENTRALIZED INSOLVENCY ORGANIZATION** | $3,000.00 |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☒ If "None" is checked, the rest of § 3.C need not be completed or reproduced.

**4. UNSECURED CLAIMS**
  **A. Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

  **B.** All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines*.

☐ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

☒ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume/Reject |
|---|---|---|---|---|---|---|
| **SKYVIEW STORAGE** | **Lease of storage space** | $280.00 | % | $450.45 Per allowed proof of claim | Per allowed proof of claim | Assume |

**6. VESTING OF PROPERTY OF THE ESTATE**.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.
☐ entry of discharge.
☒ closing of case:

**7. DISCHARGE**: (Check one)

☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION**:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.

Level 3:     Domestic Support Obligations.
Level 4:     A.  Ally cramdown.
             B.  All other Secured claims, pro rata.
Level 5:     Priority claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     General unsecured claims.
Level 8:     Untimely filed unsecured claims to which the debtor has not objected.

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)
(1)  Claim amounts:  The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.
(2)  Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.
(3)  Lien Releases.
     (a) Personal Property:  Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand  execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor.  Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.
     (b) Real Property:  Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.
(4)  Notwithstanding the confirmation of this plan, the debtor(s) reserve the right to challenge the allowance, validity, or enforceability of any claim in accordance with §502(b) and to challenge the standing of any party to assert any such claim

.

/s/ Dorothy L. Mott, /s/ Kara K. Gendron
_____
Dorothy L. Mott, Kara K. Gendron
Attorneys for Debtor(s)


/s/ Wanda Paula Bechtel
Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9